now, allowed between two and three years to elapse before filing his bill, and in the meantime, shortly before filing the bill, refused an offer from the defendant to lease the property at a much larger rental than that paid by his present tenants.

The decree is reversed, the bill directed to be reinstated and the injunction to be issued, the enforcement of the injunction, however, to be under the supervision and special orders of the court below so as to afford the defendant reasonable time to abate the nuisance. And at the proper time, if the parties do not agree, the court shall by appointment of a referee, or issue to a court of law, or otherwise, as it may deem most expedient, ascertain the damages to the plaintiff. Costs to be paid by the appellee.

--------

# Harris *v.* Parry, Appellant.

*Contract—Annuity—Equity.*

Where a brother, desiring to provide for a sister, purchases for her an annuity from an insurance company, under an agreement with her that the annuity should be paid to him during his lifetime, and after his death to her, equity will enforce the agreement, and require the annuity to be paid to the brother during his lifetime.

Argued Jan. 8, 1906. Reargued May 2, 1906. Appeal, No. 193, Jan. T., 1905, by defendant, from decree of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 2,826, on bill in equity in case of John Campbell Harris v. Martha F. Parry and the Provident Life & Trust Company of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

DAVIS, J., filed the following opinion:

J. Campbell Harris, the plaintiff, and the defendant, Martha F. Parry, are brother and sister. On November 24, 1896, Harris purchased from the Provident Life & Trust Company, also de-

fendant, an annuity bond, payable to Parry, in yearly sums of $2,000. He paid therefor, of his own moneys, the sum of $23,698. The next day Mrs. Parry agreed, in writing, with Harris, that upon the receipt of the said annuity, she would indorse and deliver the same over to him, or his designated agent. The bond is now and has been continuously in his possession, and was never delivered to Mrs. Parry.

On June 12, 1903, Harris demanded of Mrs. Parry the delivery to him of the annuity checks thereafter to be received by her.

The plaintiff avers, that he is informed and believes that Mrs. Parry intends to disregard the demand made upon her to deliver the said annuity check which would be issued on November 24, 1903, as well as other annuity checks to be issued thereafter, and that it is her intention to receive and appropriate them, and the money to be derived therefrom, to her own use, contrary to the said agreement.

The bill prays that the said Martha F. Parry, " be commanded to deliver to the plaintiff, by proper indorsement, all annuity checks hereafter received by her," from the said trust company, that the said company " deliver all such checks hereafter payable on their aforesaid annuity bond," to the plaintiff, and that the said company " be perpetually enjoined and restrained from paying to said Parry the annuity due on November 24, 1903, and such other annuities as may be due thereafter."

In the agreement, Martha F. Parry agrees that " during the life of my brother, J. Campbell Harris, upon the receipt of payments therefor, and of interest deposited by him in the Pennsylvania Company . . . . I will immediately indorse and deliver them over to him, or his designated agent (unless he arranges otherwise, hereon, in writing ").

It would seem, from the testimony, that Harris, being desirous of providing for the wants of his sister through the medium of an annuity bond, rather than by a will, purchased this bond for her use after his death, with the understanding and agreement, that during his life he should control the yearly payments. The only consideration was, evidently, such desire. The moneys were his own and though, after his death, he could not control the payments, yet the agreement, which must be taken as part of the transaction, and which was effective only

during his life was legal and one which he could enforce.    He had a right to reserve this power of control during, but not beyond his life, and during that period he could designate the purposes for which the said moneys were to be used.    The first check, at least, received in accordance therewith, was delivered to the plaintiff under the terms of that agreement.    In his testimony, the plaintiff says that he told Mrs. Parry that he intended giving her an annuity, instead of paying her the monthly sums as theretofore; that in case of his death, he would like to make this annuity, keeping it under his control, but so that it would be self-operating when he died.    Mrs. Parry testifies that he said to her, " I am thinking of buying you an annuity," and that she replied, " That is very kind, but what is the need of that?    You will always have moneys to pay me what you are paying me now," and that he replied, he would be better satisfied, to buy an annuity.    Therefore he bought an annuity for her, and took from her an agreement that he should have its control during his lifetime.

It appears to the court that the plaintiff has acted within his legal rights in the matter, and that the prayers of the bill must be granted.

And now, February 24, 1904, this cause came on to be heard at this term and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, to wit:

1. That the defendant, Martha F. Parry, be, and she is hereby, perpetually enjoined and restrained, during the lifetime of John Campbell Harris, from demanding or receiving from the Provident Life & Trust Company of Philadelphia the annuity payment due on November 24, 1903, as well as such other annuity payments as shall become due hereafter upon the annuity bond dated November 24, 1896, issued by the said the Provident Life & Trust Company of Philadelphia.

2. That the defendant, the Provident Life & Trust Company of Philadelphia, be, and the same is hereby, perpetually enjoined and restrained from paying to the defendant, Martha F. Parry, during the lifetime of John Campbell Harris, the annuity due on November 24, 1903, and such other annuity payments as may hereafter become due on the annuity bond dated November 24, 1896.

3. That the defendant, the Provident Life & Trust Company of Philadelphia, be, and the same is hereby, commanded to pay to John Campbell Harris, plaintiff, the annuity due on November 24, 1903, and furthermore to pay to him as long as he shall live such other annuity payments as may hereafter become due on the said annuity bond dated November 24, 1896.

*Error assigned* was the decree of the court.

*Charles Heebner*, with him *J. Claude Bedford*, for appellant.

*John G. Johnson* and *Samuel A. Boyle*, for appellee.

PER CURIAM, May 7, 1906:
Decree affirmed on the opinion of the court below.

-------

# Commonwealth ex rel., Appellant, *v.* Foster (No. 1).

*Municipalities—Cities of the third class—Municipal contracts—Prior appropriation.*

A prior appropriation by a city of the third class is essential to every contract entered into by it, in which "the appropriation of money" is involved.

A mandamus will not be granted against the controller of a city of the third class to certify a contract for furnishing electric lights to the city, where it appears that no appropriation had ever been made either by resolution or ordinance of the councils of the city for the payment of any moneys under the contract.

Argued Feb. 12, 1906. Appeal, No. 140, Jan. T., 1905, by plaintiff, from order of C. P. Lebanon Co., June T., 1905, No. 10, refusing mandamus in case of Commonwealth ex rel. The Edison Electric Illuminating Co. v. Charles Foster, Controller of the City of Lebanon. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Petition for mandamus. Before EHRGOOD, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal of mandamus.