Losnecki v. Mutual L. Ins. Co. of N. Y., Appellant.

260

Submitted March 17, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Andrew B. Dunsmore,* and with him *Crichton & Owlett,* for appellant.

*Emory B. Rockwell* of *Rockwell and Rockwell,* for appellee.

OPINION BY KELLER, J., July 14, 1932:

The defendant issued to the plaintiff three life insurance policies, aggregating $5,000. The policies contained clauses agreeing, on due proof furnished the company that the insured had become totally and permanently disabled by bodily injury or disease, "so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation," (1) to waive payment of future premiums, "during the continuance of such disability," and (2) "during the continuance of such disability [to] pay to the insured a monthly income at the rate of ten dollars for each one thousand dollars of the face amount of this policy."

Alleging that he was totally and permanently disabled by bodily disease, within the meaning of the policies, the plaintiff made claim for the benefits payable under said clauses, and was paid the benefits secured thereby from on or about April 1, 1927 to and including June, 1928. The defendant company having refused to pay any further benefits under said policies, this action was brought on January 12, 1929, to recover the monthly income agreed to be paid from and after July 1, 1928, together with a premium wrongfully collected on one of the policies on July 7, 1928.

The company defended on the ground that the plain-

tiff was not totally and permanently disabled within the terms of the policies.

The meaning of the phrase, 'totally and permanently disabled by bodily injury or disease, so that he is, and will be permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation,' as used in these policies, is not governed, or, indeed, even helped very much, by references to dictionary definitions of the word 'permanently', or its use in workmen's compensation statutes. It is clear from other parts of the policy contracts that the word 'permanently' is not used in its extreme sense of absolute perpetuity, 'everlasting', 'lifelong,' 'unchanged,' 'unending,' etc., but rather is used relatively in contradistinction from 'temporary' or 'transient.' This is apparent from the construction placed on the clause in other parts of the policies. For example, the policy provides that although the proof of total and permanent disability may have been accepted by the company as satisfactory, the insured shall on demand, but not oftener than once a year, furnish to the company due proof of the *continuance* of such disability; and sets forth what results shall follow if it be found that "the insured is able to perform any work or follow any occupation whatever for compensation, gain or profit." Again, in an amendment or rider to the policy it is provided that "such disability shall not be considered continuous for the purpose of this provision, if the insured so far *recovers* as to be able temporarily or permanently to perform any work or enter any occupation whatever for compensation, gain or profit. *If the insured shall so recover and shall subsequently become totally and permanently disabled,* the monthly income payments during such subsequent disability shall commence at $10 per $1000 of the face amount of this policy, and shall each be of the same amount as

if no such prior disability had existed." And in another clause headed, "Disability presumed permanent after ninety days continuous disability," it is provided that: "If the insured shall be totally disabled as defined in this policy for a continuous period of not less than ninety days, such disability shall, during its further continuance, be presumed to be permanent, but the company shall have the right, anything in this policy to the contrary notwithstanding, to require proof of the continuance of such disability, during the first two years of such disability, at any time at which either a premium falls due or an income payment becomes payable, and after said two years, from time to time, but not oftener than once a year, as provided for in said clause in this policy."

These clauses being added by way of special or individual provisions of the policies, relative to such disability, prevail over the general provisions of the policies, and modify them, where there is any apparent conflict between them: West Branch Lumberman's Exch. v. Am. Cent. Ins. Co., 183 Pa. 366; Moore v. Lichtenberger, 26 Pa. Superior Ct. 268, 270.

As used in the policy, then, any existing and continuing disability which continuously for a period of ninety days wholly prevents the insured from performing any work for compensation, gain or profit, and from following any gainful occupation, amounts to total and permanent disability within the insurance provisions of the policy, and upon furnishing proof to the company of the existence of such disability, he becomes entitled to the payment of disability benefits. He may recover from such disability, and again become totally and permanently disabled, so as to be entitled to benefits under the policy, if he furnishes due proof to the company that he is again afflicted with a disability which continuously, for a period of ninety days or more, wholly prevents him from performing any work or entering any occupation for compensa-

tion, gain or profit. And the company may at specified times require proof of the continuance of such disability. It is clear, therefore, that the word 'permanently' is not used in the policy in the extreme sense of absolute perpetuity, or remaining without any change whatever.

The company, on being satisfied that the insured was totally and permanently disabled within the language of the policies, paid him the benefits, secured to him under the policies, up to and including June 1, 1928. Thereafter, without making any demand upon him that he furnish proof of the continuance of such disability as provided in the policy, it declined to make any further payments.

On the trial, the insured testified to his total disability, and inability, because of disease, to perform any work for compensation, gain or profit, or to follow any gainful occupation, continuously from June 1, 1928 to the date of bringing suit. He was supported in his evidence by his wife and his family physician. This was enough to take the case to the jury. That two physicians, testifying for the defendant, expressed their belief that he was able to work was matter for the jury, not for the court. Certainly the court, on the evidence adduced on the trial, could not give binding instructions for the defendant or enter judgment in its favor non obstante veredicto.

Two rulings of the trial judge are assigned as ground for a new trial.

(1) The plaintiff admitted on cross-examination that he had acted as manager of the Blossburg Hotel for two years, prior to its burning down in June, 1927. He testified, however, that since his operation in September, 1926 he had not been able to work. His wife testified, in corroboration, that he lived in the hotel, as manager, until it burned, but did no work. She was then asked, "He got a salary up to the time the

hotel burned?" She answered, "Not exactly." She was then asked, "He was manager until the hotel burned, didn't he receive pay for that?" This question was objected to because it was not within the time covered by the suit, and the objection was sustained. The court, in its opinion, held that the exclusion of the answer did the defendant no harm, for it had already been elicited from the plaintiff that he continued as manager up to the time the hotel burned. We think, in addition, that the question was immaterial. That the hotel company may have paid plaintiff a salary, although he was incapacitated from performing his duties as manager was not material. But if paid, it was paid long before the period in suit. The defendant paid the plaintiff disability benefits for nearly a year after the hotel burned. It knew, or could have learned, all the facts at the time. If plaintiff was wholly disabled from July, 1927 to June, 1928, and continued to be so disabled during the period in suit, the payment to him of salary as manager from April, 1927 to June, 1927 did not bar the present action.

(2) The plaintiff endeavored to claim benefits under the policies in suit up to the time of trial, September 30, 1930; but on objection of the defendant the court properly limited his right of recovery to the date of bringing suit, January 12, 1929. With the issue thus limited, in the light of the construction of the policy above given, it was wholly immaterial in this action whether the plaintiff had been employed as an automobile salesman seven months after the action was brought.

The assignments of error are overruled and the judgment is affirmed.