Glauser *v.* Phila. Life Ins. Co., Appellant.

Argued March 18, 1932.

Before TREXLER, P. J., KELLER, GAW-
THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER,
JJ.

*Jay B. Leopold,* and with him *Duane, Morris &
Heckscher,* for appellant.

*Harry Shapiro,* for appellee.

OPINION BY KELLER, J., July 14, 1932:

The plaintiff brought this action in assumpsit for total and permanent disability benefits accruing under a life insurance policy.

The policy itself defined 'total and permanent disability' as follows:

"(a) Disability caused by bodily injury or disease which wholly prevents the insured, and presumably will for life, continuously and permanently wholly prevent him from engaging in any business or occupation or doing any work whatsoever, mental or physical, for compensation, gain or profit; or

"(b) Disability caused by bodily injury or disease which wholly prevents the insured from engaging in any business or occupation, or doing any work whatsoever, mental or physical, for compensation, gain or profit, and which shall have wholly and continuously so disabled the insured for not less than ninety days immediately preceding the approval by the Company of proof of such disability;"

And further provides that: "The Company shall have the right at any time during the first two years after the approval of proof of disability hereunder, but thereafter not more often than once a year, to require written proof of the continuance of such total and permanent disability and shall have the right and opportunity to examine the insured's person as often as it desires. Upon failure to furnish such proof or to permit such examinations, or if the insured shall cease to suffer such total and permanent disability as defined above, all disability benefits shall thereupon cease."

We have had occasion to construe similar clauses in a life insurance policy, in the case of Losnecki v. Mutual Life Ins. Co. of New York, 106 Pa. Superior Ct. 259, and need not repeat what is there said.

The policy fixed its own definition of 'total and per-

manent disability', and we are not concerned with any definition of the term apart from that set up in the policy itself.

The insured, alleging that he was suffering from 'total and permanent disability' within definition (b) of the policy made claim to the defendant company for the benefits payable under the policy, and having proved to the satisfaction of the company that he was then suffering, by reason of tuberculosis, disability which prevented him from engaging in any business or occupation, or doing any work whatever, mental or physical, for compensation, gain or profit, and that said disease had wholly and continuously so disabled him for more than ninety days immediately preceding, was awarded the benefits payable under the policy, from May 1, 1928 up to and including March 1, 1930.

The defendant company, without calling upon the plaintiff to present written proof of the continuance of such total and permanent disability, notified him that it would discontinue the payments, on the ground that he was not suffering total and permanent disability within the terms of the policy. The plaintiff thereupon brought this action claiming the monthly benefits secured under the policy from the time the defendant company ceased paying them, and obtained a verdict.

The only errors assigned are (1) the refusal of binding instructions; (2) the refusal of judgment non obstante veredicto; (3) the refusal of a new trial, which had been asked on general grounds.

There was evidence supporting plaintiff's right to the disability benefits secured by the policy, under definition (b) of the term, total and permanent disability. This evidence was for the jury and could not be passed upon as matter of law by the court.

Had the defendant during the continuance of the monthly payments called upon the plaintiff to furnish

written proof of the continuance of such total and permanent disability, and he had failed to do so, the company would have been relieved of further payments for such disability; but without requiring such proof, the company notified plaintiff that it would make no further payments, because it alleged he was not disabled within the terms of the policy. Thereafter he was not obliged to do more than bring his action and prove the continuance of his disability within the definition of the policy.

The assignments of error are overruled and the judgment is affirmed.