## Applebaum, Appellant, *v.* Manayunk Spinning Mill, Inc.

Argued March 23, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Morton Craine,* with him *Herman Toll,* for appellant.

*Frederick H. Starling,* for appellee.

OPINION BY HIRT, J., July 21, 1955:

Plaintiff in this action sought recovery of a balance due him for quantities of rayon and wool clippings, and other waste materials, sold to the defendant on open account. The defendant filed a counterclaim alleging that plaintiff was indebted to it for spinning service and for rent of various parts of the building owned by it at Main and Rector Streets in Philadelphia. On the issues raised by the pleadings Judge REIMEL, before whom the case was tried without a jury, found in favor of the plaintiff, in the sum of $3,203.73, and in favor of the defendant on its counterclaim in the sum of $2,900. This latter amount was made up of $2,700 found to be due the defendant from the plaintiff in unpaid rents under leases, up to October 7, 1953, the date on which this action was brought, and $200 additional for spinning service. Judgments were entered on the findings in favor of the plaintiff and for the defendant on its counterclaim, in the above amounts. The judgment in favor of the defendant as entered was "in the sum of $2,900 plus rent of $50 per month from November 7, 1953."

Two questions, only, are raised in this appeal. It is contended that plaintiff is not liable for rent of the premises in any amount for the reason alleged that the

lease agreements were oral and were made with one Antonio Colantonio as an individual and not as president of the defendant corporation acting on its behalf. Plaintiff also questions the authority of the court to enter judgment for rental payments under the leases which were not due when the action was brought.

The lower court found that the plaintiff entered into a series of rental agreements with the defendant for several parcels of its Manayunk Mill property in succession. Antonio Colantonio as president of the corporation was active in the management of its affairs. He also was in charge of the operation of its spinning business and he supervised all of the work. It was he who negotiated the leases with plaintiff. And his testimony is clear and definite as to the parts of the building leased, the dates of the oral agreements and the amount of rent agreed upon in each instance. Manayunk Spinning Mill is a small family corporation. Throughout the negotiations of the leases Colantonio used the pronouns "I" and "We" but it is clear that in every instance he was speaking on behalf of the corporation and it was so understood. Plaintiff's testimony tends to deny that there was any discussion of rent to be paid by him to anyone. On the contrary he implied that he placed his goods, a bale press and a "Dinka machine" in the mill property for the purpose of resale by the defendant on a profit sharing basis. There were no witnesses to the discussions between Colantonio and the plaintiff and the question before the lower court was who to believe. Plaintiff's credibility was seriously shaken in a number of respects, and there is ample support in this record for the findings of the trial judge which discredit him. The court's findings upon sufficient competent evidence have the force and effect of a verdict of the jury. *Jann v. Linton's Lunch*, 150 Pa. Superior Ct. 653, 29

A. 2d 219. Moreover, we need not consider appellant's present contention that he owes the corporation nothing because "the premises are, in fact, owned by Antonio Colantonio individually and not by the corporation." It is enough to say that there is nothing in the record to support the allegation as to ownership and in any view he as tenant is estopped from denying the title of his landlord. *Farmers Nat. Bk. v. W. Pa. Fuel Co.*, 215 Pa. 115, 64 A. 374.

There is merit however in appellant's complaint that the judgment as entered permits recovery of installments of rent in this action accruing after October 7, 1953, when this action was brought. In an action for rent under the present oral leases recovery must be limited to the amounts due on the date of the commencement of the action. *White v. Miller*, 43 Pa. Superior Ct. 572; *Summers v. Prud. Ins. Co. of America*, 319 Pa. 270, 179 A. 78. "In actions at law, except trespass, or one founded on an anticipatory breach of contract, the plaintiff can recover only such amounts as are due at the commencement of the action": *Golder v. Rabinowitz et al.*, 125 Pa. Superior Ct. 573, 190 A. 407.

The judgment is modified by eliminating the addition of $50 per month from November 7, 1953 and, as so modified, is affirmed.