David M. BREE

v.

MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, United Benefit Life Insurance Company and Metropolitan Life Insurance Company.

Civ. A. No. 23849.

United States District Court
E. D. Pennsylvania.

Dec. 7, 1959.

Joseph Neff Ewing, Jr., Philadelphia, Pa., for plaintiff.

William J. Toy, Walter B. Gibbons, Philadelphia, Pa., for Mutual Benefit Health and Accident Ass'n and United Benefit Life Insurance Co.

Gordon W. Gerber, Philadelphia, Pa., for Metropolitan Life Ins. Co.

GANEY, Chief Judge.

This case is before us on motions for summary judgment and in the alternative for dismissal of the action. Involved are claims on four disability insurance policies, two of which were issued by Mutual Benefit Health and Accident Association ("Mutual"), and one each by United Benefit Life Insurance Company ("United") and Metropolitan Life Insurance Company ("Metropolitan"). This court's jurisdiction is sought to be invoked solely on the grounds of diversity of citizenship of the parties and the alleged amount in controversy.

In the complaint plaintiff avers that following his injury on March 25, 1956, he has been continuously totally disabled up to the time he brought this action on December 31, 1957, and will continue to be for the rest of his life, that prior to the date of his injury four disability benefits insurance policies issued to him by defendants were in effect, that one of the policies issued by Mutual provided for monthly benefits of $100 a month and the other for $50 a month, the one issued by United allowed $100 a month (plus hospital benefits) and that issued by Metropolitan paid $100 a month during the months in which he became totally disabled from certain injuries or totally confined as a result of illness, and that between the date of his injury and the date of the filing of his complaint he received benefits totaling $845 from Mutual, $530 from United and none from Metropolitan. He does not assert that defendants conspired to deprive him of his benefits or that they are jointly liable to him on each of the policies. He asks this court to declare that since March 25, 1956, he has been entitled to monthly benefits under the policies and that he will continue to be so entitled so long as his complete disability and total loss of time endures.[1]

Leaving the motions for summary judgment aside, we turn to the motions to dismiss filed by Mutual and United, and to the defense set forth in Metropolitan's answer to the complaint raising the question of lack of jurisdiction because the amount in controversy does not exceed $3,000. Taking all allegations well pleaded in the complaint as being true by us, at the time the complaint was filed on December 31, 1957, $21\frac{1}{6}$ months after the date of the alleged injury, Mutual should have paid plaintiff $3,175, United $2,170.01, and Metropolitan $525.33. Giving two of the defendants credit for amounts paid by them to plaintiff prior to December 31, 1957, Mutual would owe plaintiff $2,330 and United $1,640.01.

---

1. Apparently this request is made pursuant to the Federal Declaratory Judgment Act of 1948, as amended, 28 U.S.C.A. §§ 2201, 2202.

■ Although Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., permits joinder of defendants in one action when, as here, there is asserted against each one of them a right to relief arising out of the same occurrence or series of occurrences and a question of law or fact to all of them will arise in the action, the claims against each of the defendants cannot be aggregated in order to reach the jurisdictional amount. Sovereign Camp Woodmen of the World v. O'Neill, 1924, 266 U.S. 292, 295, 45 S.Ct. 49, 69 L.Ed. 293; Whitford v. Boston Insurance Co., D.C.E.D.Ill.1958, 163 F.Supp. 819. It is apparent that the amount claimed against each defendant prior to the time of the filing of the complaint does not exceed $3,000.

■■ Were we to take cognizance of the amounts claimed to be due from the date the complaint was filed on December 31, 1957 to the date of this opinion, each of the amounts owed by Mutual and United would be beyond $3,000. And if we were to give recognition to the possible future payments for the period claimed in the complaint, the jurisdictional amount would also be reached as to Metropolitan. But may the monthly benefits under the policies over such periods be considered in computing the amount in controversy? In our opinion they may not be. The question of the validity or the vitality of the policies is not in issue. It is clear that an insurer's mere failure to pay monthly benefits when due does not amount to a breach of the policy in its entirety. Summers v. Prudential Ins. Co. of America, 1935, 319 Pa. 270, 273, 179 A. 78. Only the extent of the obligation of each defendant under the policies is involved here. Under these circumstances potential benefits subsequent to the filing of the complaint may not be taken into consideration in ascertaining the amount in controversy. New York Life Ins. Co. v. Viglas, 1936, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535. The fact that a declaratory judgment is sought does not require a different conclusion. Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 1940, 116 F.2d 434; Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 1946, 154 F.2d 884, 165 A.L.R. 1068; Travelers Ins. Co. v. Greenfield, 5 Cir., 1946, 154 F.2d 950. Also see cases collected in Annotation, 165 A.L.R. 1073, 1076.

Were we to follow local law as was done in Henderson v. National Fidelity Life Ins. Co., 10 Cir., 1958, 257 F.2d 917, the same result would be reached. For in Summers v. Prudential Ins. Co. of America, supra, the Supreme Court of Pennsylvania said at page 273 of 319 Pa., at page 79 of 179 A.: "In courts of law it has always been held that a plaintiff cannot recover sums not due and owing at the time of suit. It is apparent that plaintiff's right to the installments accrued from month to month, and that upon defendant's refusal to pay any one of them when due he could institute suit for that payment. * * * Each default would only affect the rights and liabilities of the parties with respect to the specific payment involved. Thus it is clear that, at the institution of the present suit plaintiff's cause of action comprised only the payments which had already become due; for the payments accruing after that time plaintiff may maintain another suit. * * * That the recovery must be so confined is conclusively established by the decided cases * * *."

■ We think it proper to note that if the plaintiff's claim as to any one of the defendants had exceeded $3,000, the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, would, in our opinion, take precedence over the Rules of Decision Act, 28 U.S.C.A. § 1652, and plaintiff would be entitled to all monthly installments which had accrued prior to the fact-finder's verdict as to that particular defendant. That is, the Summers case would not be applied.

Accordingly, the action will be dismissed for lack of jurisdiction.