Leon **SOKOLSKY**, Plaintiff,

v.

**OCCIDENTAL INSURANCE CO.**, Defendant.

**Civ. A. No. 79–740.**

United States District Court, W. D. Pennsylvania.

Nov. 26, 1979.

Alan Frank, Pittsburgh, Pa., for plaintiff.

John H. Scott, Jr., Diane W. Perer, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This action was commenced in equity and removed from the Court of Common Pleas of Allegheny County. The action was brought by the plaintiff, Leon Sokolsky, who alleges that he is a beneficiary in a policy of insurance written by the defendant, Occidental Insurance Co. The plaintiff asserts that the policy provides for monthly insurance payments because of his total disability; that the defendant had paid for several months and suddenly withheld payments thereafter, and that the plaintiff is in need of proceeds, pursuant to the terms of the insurance policy contract, and thereafter requests the court to order "specific performance forthwith".

The defendant, after removing the case to this court, raises issues of fact in an answer filed that (1) the plaintiff is not totally disabled within the meaning of the terms of the policy; (2) the terms of the policy do not require the defendant to make the payments as alleged by the plaintiff in his complaint; and (3) the plaintiff has an adequate remedy at law.

While the plaintiff has by motion requested that a hearing be had on the question of the defendant's liability and on the right of the plaintiff to an order to compel monthly payments, there is no motion, as such, under Federal Rule of Civil Procedure 65 seeking injunctive relief. However, it would appear that the aim or purpose of the plaintiff by the motion to compel payments and the motion for a hearing for an injunctive process, will be considered accordingly.

The plaintiff did file a "Motion to Advance" and requested by the motion that a schedule for a hearing be set at an early date for the "purpose of executing a preliminary Order ·continuing the disability payments." Alternately, the plaintiff requested a hearing "for the purpose of affixing damages for breach of contract". A hearing was had on the motion and the plaintiff was directed to file a brief within one week and the defendant to file a brief, and that discovery was to start immediately.· The parties filed their briefs and on August 13, 1979 the plaintiff filed three interrogatories for the defendant's answers.

After examination of the briefs, I note that both parties have cited Pennsylvania law as controlling, in accordance with the holding in *Erie Railroad v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which holds that when a federal court is exercising jurisdiction on the basis of diversity jurisdiction, it must apply the substantive law of the state in which it sits. Pennsylvania law is therefore applicable to the matter before me.

The plaintiff cites *Harris v. Parry*, 215 Pa. 174, 64 A. 334 (1906), as his only authority in support of the proposition that this court can order future disability payments to the plaintiff by a decree of specific performance of an insurance contract. In *Harris, supra*, the court granted the plaintiff's petition for specific performance of a contract between the plaintiff and the defendant. The plaintiff's sister was required to endorse over to the plaintiff annuity checks from the defendant insurance company made payable to her. Furthermore, the insurance company was enjoined from making annuity checks payable to the plaintiff's sister but was required to make these payments directly to the plaintiff. *Harris*, then, does not involve the termination of benefits to the plaintiff by the insurance company and the reinstatement of those

benefits by the court's order of specific performance. The court in *Harris* merely designated which party was to obtain payment and *Harris* is therefore not controlling on the plaintiff's Motion to Advance.

Contrary to the plaintiff's position in *Summers v. Prudential Life Insurance Co. of America,* 319 Pa. 270, 179 A. 78 (1935), the Supreme Court of Pennsylvania stated, at page 273, 179 A. 78, that in an action upon a policy of life insurance which provides for monthly benefit payments in the event of disability, the plaintiff may recover only payments due at the time of suit because no single default or number of defaults in payment amounts to a breach of the entire contract. Thus, "the plaintiff can recover only such amounts as are due at the commencement of the action." *Applebaum v. Manayunk Spinning Mill,* 178 Pa.Super. 198, 201, 115 A.2d 876, 877 (1955); *Golder v. Rabinovitz et al.,* 125 Pa.Super. 573, 580–581, 190 A. 407 (1937).

*Summers, supra, Applebaum, supra,* and *Golder, supra,* speak to matters arising in assumpsit, rather than to matters arising in equity or to matters which are, in general, civil in nature. In these circumstances, there is no Pennsylvania authority which is dispositive of the question before me. We look then to federal decisions for a solution of the question. *Trainor v. Mutual Life Insurance Co.,* 131 F.2d 895, 897, C.A. 7, 1942.

In *New York Life Insurance Company v. Viglas,* 297 U.S. 672, 678, 56 S.Ct. 615, 617, 80 L.Ed. 971 (1936), where an insurance company denied liability payments because it claimed that the plaintiff had suffered no disability, the Supreme Court held:

> "For breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the commencement of the suit."

This holding was followed in *Morgan v. Aetna Life Ins. Co.,* 157 F.2d 527, 530, C.A. 7, 1946 and in *Trainor, supra,* at page 897. The defendant has not repudiated the insurance contract, but merely denied its liability to the plaintiff by claiming that the plaintiff's disability has not yet occurred and it is therefore under no duty to pay.

The plaintiff in order to obtain a decree of specific performance must show that there is a likelihood of ultimate success, otherwise he cannot obtain a preliminary decree.

A court in order to issue a preliminary injunction must have a showing by the movant of "a reasonable probability of eventual success in the litigation . . ." *Delaware River Port Authority v. Transamerica Trailer Transport, Inc.,* 501 F.2d 919, 919–920, C.A. 3, 1974. Because it is impossible for the plaintiff to have eventual success in its petition for specific performance, the plaintiff's Motion to Advance will be denied and the parties will be directed to proceed to usual pretrial processes.