## Galloway v. World Mutual Health and Accident Insurance Company of Pennsylvania

*Robert J. Wire, Jr.* and *Samuel E. Teeter,* for plaintiff.

*Michael E. Fox,* for defendant.

SPICER, *P.J.,* April 3, 1980—In reviewing the procedural history of this case one is struck with the considerable pretrial occurrences which have yet to bring this case to final disposition.

The original complaint in this case was filed November 2, 1978. Preliminary objections were filed November 28, 1978. Argument was scheduled February 5, 1979. However, counsel agreed that the preliminary objections would not have to be argued and that an amended complaint could be filed. It would also appear plaintiff was granted leave on January 31, 1979, to file an amendment to the complaint. The amendment was filed January 31, 1979, and an answer was filed containing new matter. On February 23, 1979, a reply was filed.

It would appear from the record at this point that matters were procedurally progressing in a satisfactory manner. However, appearances were deceiving.

The case was listed for pretrial conference but before this was held someone apparently noticed that the amended complaint which was contemplated in January had never been filed. For reasons best known to plaintiff, he filed an amended complaint on July 20, 1979. Preliminary objections were filed on August 7, 1979. Between the two, the court, blissfully ignorant of the rapidly muddying waters, scheduled a pretrial conference.

When the real state of affairs became known, the court, on August 9, 1979, found the case not ripe for trial and struck it from the trial list.

Thereafter, on September 12, 1979, the court

handed down an order in which it ruled that objections to matters unchanged since the original complaint were waived by not having them raised in the first set of preliminary objections. On the issue which has reappeared presently, the court sustained the preliminary objections.

That issue related to the measure of damages.

Plaintiff is the holder of a disability insurance policy. He has alleged a disability subject to coverage and benefits owing but unpaid under the terms of the policy. He originally sought to have the jury assess damages for future benefits. After reading Summers v. Prudential Insurance Company, 319 Pa. 270, 179 Atl. 78 (1935), this court determined that he could not do this. The court in Summers, held that recovery on a policy such as is involved in this case could only be effected as to benefits owing at the time the complaint was filed. This would mean that plaintiff could not recover either benefits accruing in the future or benefits accruing to the date of trial. This court had some difficulty in accepting the ruling as to benefits computed to time of trial but none as to future benefits.

There would be two issues for trial. First, is there a valid contract between the parties, and second, is plaintiff entitled to recover under that contract? At trial, the issue of the validity of the contract would be settled once and for all. Thereafter that resolution would be res adjudicata. However, the issue that plaintiff was disabled and therefore entitled to benefits would only be litigated for the purposes of that trial. In subsequent trials, the first issue would be res adjudicata but the second would not.

At any rate, a second (or third) amended complaint was filed September 27, 1979. Preliminary objections were again filed on October 17, 1979.

The objections were scheduled for argument in January, 1980, but counsel entered into another stipulation and by order dated January 14, 1980, leave was granted plaintiff to file a third (fourth?) amended complaint.

The amended complaint filed February 1, 1980, requested that damages be awarded to the time of trial. Preliminary objections were filed in the nature of a motion to strike the paragraph making such demand.

This precise issue was decided in Summers, supra. Plaintiff argues, however, that the decision in Summers no longer is law and, in any event, defendant has waived the right to object by having filed an answer to the original complaint. We have previously ruled that defendant has not waived. We will not change that ruling.

Plaintiff agues that Summers, supra, no longer states the law because of Pa.R.C.P. 1033. Rule 1033 permits amendments which aver "transactions or occurrences which have happened before or after the filing of the original pleading." We certainly can see no difficulty in sustaining an allegation claiming damages to the filing of the amended complaint.

A closer question is whether Rule 1033 allows damages to be computed up until the time of trial. The wording of the rule would certainly seem to indicate that it does.

Although Summers has been cited with approval in Bree v. Mutual Benefit Health and Accident Association, 182 F. Supp. 181 (E.D. Pa. 1959), there have been no appellate decisions relating the holding in Summers to Rule 1033. The Federal District Court in Bree, deciding an issue of Federal jurisdiction, held that the amount in controversy at the commencement of the action was determinative.

The court in Summers phrased the law as follows, at p. 273: "In courts of law it has always been held that a plaintiff cannot recover sums not due and owing at the time of suit."

In commenting on this law in effect when Pa.R.C.P. 1033 was enacted, one authority has stated, 2 Goodrich-Amram 2d §1033.5:

"Rule 1033 makes an important change in the prior practice. Heretofore, a plaintiff was limited, in his initial pleading, to such rights of action against the defendant as he possessed at the time of the commencement of the action, and could not, by amendment, add a new cause of action, whether arising from facts prior to, or subsequent to, the date of the commencement of the action.

"A strict application of the Rule would be unfortunate in the case of installment contracts. In such an action, the plaintiff was required to join all installments which had accrued up to the date of the commencement of the suit. If subsequent causes of action arose because of further breaches by the defendant in the nonpayment of later installments, they would clearly constitute new causes of action, because they arose from different acts of the defendant. It could hardly be claimed that they constituted merely additional damages arising from the original claim. As a result, the plaintiff would be required to institute a new action against the defendant for these newly accruing rights, with all the risks of inability to secure service."

In our opinion, Rule 1033 has changed the prior law. Therefore, we overrule the preliminary objections and force defendant to proceed.

If we are wrong, as was pointed out in Summers, it will take only a bit of mathematics to deduct the

result of our error from the amount of the verdict. See Pa.R.C.P. 126.

Accordingly, the preliminary objections will be overruled.

## ORDER

And now, April 3, 1980, defendant's preliminary objections are overruled. Defendant is given 20 days from today's date to file an answer to the amended complaint.