## Berger v. Kulp

*Glenn D. Hains,* for plaintiff.
*Steven Burkett,* for defendant.

KELTON, *J.,* January 26, 1989 — This is a malpractice action brought by a former dentist against his insurance agent on a complaint seeking money damages for an alleged error by the agent in securing a disability insurance policy.

The complaint avers that defendant agent acted negligently by securing a policy which covered plaintiff only for a period extending up to December 15, 1989. Plaintiff alleges he is now disabled and as a result of defendant's negligence, will not receive coverage *after* that date. The issue now before us on defendant's preliminary objections is whether plaintiff has a *present* cause of action for negligence for

loss of this *future* income even though the insurer will not stop coverage until December of this year. Our review of prior case law has not disclosed any prior precedent on this precise issue.

By the order which follows, we overrule the preliminary objections and hold that plaintiff has pleaded a cause of action.

Plaintiff, Alan Berger, has pleaded that he is an adult residing at 5370 Steeplechase, Boca Raton, Florida. At all relevant times defendant, Thomas Kulp, was alleged to be the insurance agent for plaintiff. The complaint avers that during June 1987, plaintiff was diagnosed as suffering from degenerative arthritis of his cervical spine, which prevents him from pursuing his profession as a dentist. It is claimed that as a result of this disability, plaintiff applied for disability income benefits to Massachusetts Casualty Insurance Company which has previously issued a disability income and insurance policy to plaintiff.

The complaint then avers that in accordance with an insurance coverage plan developed by defendant with the consent of plaintiff, plaintiff was to have disability income of $5,050 per month until the age of 65 from three separate insurance policies, one of which was to be the Massachusetts Casualty policy. Plaintiff avers that he recently learned that the benefits provided by the Massachusetts Casualty policy only provide him with disability income coverage for a period of 30 months or until December 15, 1989.

Plaintiff has averred that he previously was told by defendant that he was "definitely insured and could expect to receive the stated income [to age 65] from the three insurance policies"; that defendant has admitted to plaintiff that his office made a mistake; and that if plaintiff had been aware of the coverage limitation, a different policy would have

been secured in accordance with plaintiff's directions and defendant's recommendation.

Plaintiff then claims damages for the loss of the Massachusetts Casualty coverage of $800 per month from December 15, 1989 until July 31, 2003 when he will reach 65. The total amount claimed is $130,800.

Defendant has filed preliminary objections in the nature of a demurrer. He contends that because plaintiff will not suffer any damage, if at all, until December 15, 1989, and because there is no allegation that any sums were due and owing to plaintiff at the time of the commencement of the law suit, the complaint fails to state a cause of action.

In support of his preliminary objections, defendant has relied upon a line of cases involving contract actions against defendants who are obligated by agreement to pay disability benefits in the future.

The leading case in this area is *Summers v. Prudential Insurance Company of America,* 319 Pa. 270, 179 Atl. 78 (1935). In *Summers,* an insured sued his carrier for non-payment of disability benefits. The trial court awarded damages in the amount of monthly installments including those that had accrued after the date of the complaint and up to the time of trial. The Supreme Court reversed and limited the damages to the disability installments which were due on the date suit commenced. The court held that it would not award damages for denial of future payments for alleged anticipatory breaches of disability insurance contracts. Defendant also cites *Delia v. Riley Stoker Corporation,* 2 D.&C. 3d 173 (1980) involving a corporate disability plan and *Stearne v. Mutual Benefit Health & Accident Association,* 26 D.&C. 2d 336 (1961) involving a direct suit on an insurance policy. All of these cases hold that in disability contract payment cases,

damages could be recovered only for the payments due at the time of filing suit.

Plaintiff argues however that the foregoing cases do not apply to *negligence or tort* actions in which a plaintiff is suing an insurance agent for negligent misrepresentation and is not suing on the policy itself.

Plaintiff contends that the four elements of a cause of action for negligent misrepresentation by an insurance agent have been established by the complaint. These elements are as follows:

(1) actual negligence in representation of the type or extent of insurance coverage;

(2) substantial reliance by the insured on the representation of the agent;

(3) harm or loss resulting from the misrepresentation; and

(4) justifiable reliance on the agent's representations.

See *Fiorentino v. Travelers Insurance Company,* 448 F. Supp. 1346 (E.D. Pa., 1978) and *Aresto v. Milie,* 184 Pa. Super. 114, 133 A.2d 304 (1957). The question here is whether the complaint satisfied the third prong of the above test.

At this stage of the pleadings, we agree with plaintiff that he has pleaded a loss of future income as a result of the agent's alleged dereliction. Our review of the cases which have followed the *Summers* case has indicated that the principles applied in *Summers* have not been applied to causes of action sounding in trespass. For example, in *Golder v. Rabinowitz,* 125 Pa. Super. 573, 190 Atl. 573 (1937), the court stated:

"The general rule is well recognized that in actions at law, *except trespass (Hewitt et ux v. Penna. R. R. Co.,* 228 Pa. 397, 77 Atl. 623) or one founded on an anticipatory breach of contract, the

plaintiff can recover only such amounts are as due at the commencement of the action: *Summers v. Prudential Insurance Co.*, 319 Pa. 270, 179 Atl. 78; *U.S. v. Worley,* 281 U.S. 339; *Losnecki v. Mutual Life Ins. Co.,* 106 Pa. Super. 259, 161 Atl. 434." *Golder, supra.* (emphasis supplied)

Claims for loss of future earning capacity have long been recognized in the tort field. It requires no citation of authority to state that such claims are frequent in actions involving negligent infliction of physical trauma.

Similarly, in malpractice actions against either physicians or attorneys, the cause of action had been held to have arisen and commenced upon discovery of the wrong. Thus, in the tort field, a plaintiff who suffers a future loss of income but who waits to bring suit until the date of the future payment may be faced with a serious statute of limitations problem. See, e.g., *Spack v. Apostolidis,* 353 Pa. Super. 362, 510 A.2d 352 (1986) (assault by physician involving both immediate trauma and future loss of earning capacity) and *Trice v. Mozenter,* 356 Pa. Super. 510, 515 A.2d 10 (1986) (legal malpractice cause of action held to commence when plaintiff knew or should have known that he had sustained an injury; statute of limitations applied).

The statute of limitations normally begins to run in a tort case when the cause of action accrues, meaning the date the injury is sustained and not later when the precise amount of damages is known. "The injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." *Larthey by Larthey v. Bland,* 367 Pa. Super. 67, 532 A.2d 456 (1987), quoting from *Ayers v. Morgan,* 397 Pa. 282, 290, 154 A.2d 788, 792 (1959). See also, *Pocono Inter-*

*national Raceway Inc. v. Pocono Produce Inc.,* 503 Pa. 80, 468 A.2d 468 (1983), a case in which it was held that a cause of action for negligence arose when the plaintiff reasonably should have known that a truck damaged the structural beams in a vehicle tunnel and not when plaintiff later learned that the tunnel had collapsed.

As we review the foregoing authorities, we conclude that it makes no sense to apply the insurance contract cases to an action for negligent malpractice against the insurance agent. Although there well may be a later issue as to whether or not plaintiff has in fact suffered a permanent income disability, a fair inference from the complaint is that he expects to prove at trial that this is so. If this is so, it would be inappropriate to require him to file a series of separate actions against the agent who allegedly made a mistake in failing to secure the coverage.

We therefore, enter the following

### ORDER

And now, January 26, 1989, defendant's preliminary objections are overruled with leave to file a responsive pleading within 30 days of this date.