### Barbara M. O'SHEA, Plaintiff

v.

### MUTUAL LIFE INSURANCE COMPANY OF NEW YORK a/k/a Mony Life Insurance Company and Disability Management Services, Inc., Defendants

### No. CIV.A. 01–2505.

United States District Court, E.D. Pennsylvania.

Sept. 18, 2002.

Ronald H. Beifeld, Plymouth Meeting, PA, for plaintiff.

Daniel J. Zucker, Law Offices of Daniel J. Zucker, Philadelphia, PA, for defendant.

## MEMORANDUM/ORDER

POLLAK, District Judge.

Currently before this court is Plaintiff Barbara M. O'Shea's motion for voluntary dismissal of her lawsuit against the defendants. Dr. O'Shea asks this court to exercise its discretion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to order her case dismissed without prejudice. Defendants Mutual Life Insurance Company of New York, a/k/a MONY Life Insurance Company ("Mutual Life") and Disability Management Services, Inc. ("DMS") oppose such a dismissal. Because amending or supplementing the original complaint would more efficiently effect Dr. O'Shea's sensible procedural outcome, I will deny the motion in order to provide her the opportunity to proceed in that manner.

### Factual/Procedural Background

In the years 1985 and 1987, Dr. O'Shea, then a practicing physician, entered into a series of four disability income insurance policies with Mutual Life. In 1996, Dr. O'Shea developed a disabling condition known as fibromyalgia. Dr. O'Shea alleges that this condition rendered her unable to carry out the work required of her as a physician. She therefore sought and received total disability benefits under the policies, or $5,300.00 per month, through the month of December, 2000.

In July, 2000, Dr. O'Shea, at the request of DMS, underwent an independent medical examination, performed by a Dr. James Udell. Dr. Udell confirmed that Dr. O'Shea suffered from fibromyalgia, but "could not conclude that the Plaintiff was disabled to the point of being unable to perform her work as a medical doctor." Complaint at ¶ 9. Following Dr. Udell's examination, the defendants reduced by 50% the payments made to Dr. O'Shea, such that she received only $2,650.00 per month, effective January, 2001. *Id.* ¶ 9. Dr. O'Shea now further alleges, in the currently pending motion, that since May, 2001, when this suit was filed, the defendants have ceased paying any benefits whatsoever on the insurance policies.

On May 22, 2001, Dr. O'Shea brought a diversity action against Mutual Life and DMS, alleging that her benefits under the four insurance policies have been improperly withheld. In her complaint, Dr. O'Shea asserted a claim for breach of contract, an equitable claim for specific performance, and a claim for bad faith.

In her breach of contract claim, Dr. O'Shea claimed that she was entitled to damages in the amount of $2,650.00 per month (the difference between the full $5,300.00 monthly benefit and the $2,650.00 amount she was being paid at the time she filed the complaint). The complaint sought $2,650.00 per month for the period spanning from January, 2001— when defendants first reduced the benefit payments—through May, 2017—when Dr. O'Shea will attain 65 years of age and the payments under the policies are to cease— for a total of $522,050.00. In her equity claim, Dr. O'Shea sought specific performance of defendants' obligations under the

policies, retroactive to January, 2001. Finally, Dr. O'Shea alleged a claim for bad faith, seeking compensatory and punitive damages.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants moved for dismissal of the claim for breach of contract to the extent that it included future damages, and for dismissal of both the equity claim and the claim for bad faith in their entirety. This court, by order of January 18, 2002, granted the defendants' motion in part, dismissing Dr. O'Shea's equitable claims as well as her claim for breach of contract to the extent it was asserted in support of future relief. In reliance upon applicable Pennsylvania law set forth in *Summers v. Prudential Insurance Company of America*, 319 Pa. 270, 179 A. 78 (1935),[1] the order held specifically that the breach of contract claim "survives defendants' motion insofar as it seeks only such payments as were allegedly due Dr. O'Shea at the time she filed her complaint, on May 22, 2001."

### The Current Motion

Dr. O'Shea alleges in her motion for voluntary dismissal that the defendants have ceased making the $2650.00 reduced benefit payments to her, such that she has received no payment whatsoever on her policy since she instituted her lawsuit. Therefore, it is claimed, the damages to the plaintiff are now accruing at the rate of $5,300.00 with each passing month, rather than the $2,650.00 originally alleged in the complaint.

So that she might recoup the not-insubstantial sum of unpaid benefits that has accumulated since May 22, 2001, Dr. O'Shea filed the motion now before this court. Her intent is to have the action dismissed without prejudice, then to re-file the suit (with updated calculations of damages) in an effort to be eligible for a higher damage award that would not run afoul of *Summers*. Other than the additional months' worth of damages claimed, the subsequent suit envisioned by Dr. O'Shea would differ from the existing one only in that she will seek to add a claim for a declaratory judgment settling the rights of the parties with respect to the four insurance contracts.

This court is aware of the odd predicament in which the *Summers* precedent places a plaintiff, and is not averse to granting the current motion. The intent of the order of January 18, 2002, was not to sever arbitrarily plaintiff's right to recover damages beyond the filing of her complaint, but rather to obviate the need for speculation regarding future damages that Dr. O'Shea will not have yet incurred when judgment is eventually rendered.

As Dr. O'Shea's stated intent is simply to re-file a nearly identical suit in the same court, an alternative procedure would be preferable to the artifice of dismissal followed by re-filing—namely, simply amending or supplementing the existing pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure.[2] By

---

1. *Summers* involved facts similar to those underlying the instant action—a plaintiff seeking recovery of monthly disability payments from an insurance company. In its holding, the Pennsylvania Supreme Court held that it was error to "permit[ ] recovery of installments accruing in the interim between [the date of the commencement of the action] and the date of trial." 179 A. at 79.

2. It is worth noting that at least one Pennsylvania state court has noted that the apparent inconvenience attendant on the *Summers* rule may be readily obviated by amending pleadings to reflect damages that have accrued since the filing of an original complaint. *See Galloway v. World Mut. Health & Accident Ins. Co. of Pa.*, 13 Pa. D. & C.3d 617, 620 (Pa.Com.Pl.1980) (weighing *Summers* and stating: "We certainly can see no difficulty in sustaining an allegation claiming damages to

proceeding with amended or supplemented pleadings reflecting the updated amount of damages, Dr. O'Shea would effectuate the same result she seeks through the relatively complicated procedure she has proposed. Additionally, merely amending or supplementing the original complaint should assuage the defendants' concern regarding "the spectre of continual voluntary dismissals and new complaints every month as alleged damages accrue." Accordingly, this court will deny the plaintiff's currently pending motion to dismiss, with the assumption that Dr. O'Shea will opt to amend or supplement her existing pleadings rather than starting anew. However, the choice remains with Dr. O'Shea. If she would prefer to proceed by obtaining a voluntary dismissal rather than by moving to amend or supplement her pleadings, this court will gladly grant a renewed motion under Rule 41(a)(2) for dismissal without prejudice, with no costs to defendants.

Plaintiff's Motion for Voluntary Dismissal Without Prejudice under Rule 41(a)(2), F.R.C.P., is DENIED.

the filing of the amended complaint."). The *Galloway* court also noted that Pa. R.C.P.

1033 appears to allow damages to be computed up until the time of trial. *Id.*