## TRAINOR v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 7938.

Circuit Court of Appeals, Seventh Circuit.

Dec. 16, 1942.

Vernon A. Swanson and Bert Vandervelde, both of Milwaukee, Wis., for appellant.

William Ryan, of Madison, Wis., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff-appellee on June 6, 1941 commenced suit in the Circuit Court of Dane County, Wisconsin, against the defendant-appellant, claiming that he was totally and permanently disabled from pursuing any substantially gainful occupation since June 24, 1939, notice of which disability he served on the defendant on April 22, 1940; that the defendant was liable to him for disability benefits at the rate of one hundred dollars per month from June 24, 1939; that under the policy he was entitled

to a waiver of premiums from and after the same date; that because the company had threatened to lapse the policy unless the payments were continued, he had paid in quarterly payments up to and including the quarterly payment due in April, 1941, $900.50, which he was entitled to recover; and that the defendant had failed, neglected and refused to pay him one hundred dollars per month for his disability. He prayed judgment for one hundred dollars per month from June 24, 1939, to the date of judgment, and for payment to him of the sum equal to the amount of premiums paid on the policy by him to the defendant from June 24, 1939, to the commencement of the suit; for premium payments the plaintiff may make during the litigation; that the defendant be decreed to waive all premium payments on the policy; that the policy may remain in full force and effect without the payment of premiums after June 24, 1939; and that the plaintiff have and recover of the defendant one hundred dollars per month during the remainder of the plaintiff's life.

The defendant filed a petition for removal of the said cause to the District Court for the Western District of Wisconsin, and alleged in its petition: "Said action is brought on an insurance policy issued by the defendant, to recover from the defendant a sum in excess of Three Thousand Dollars ($3,000), and the amount involved in said action exceeds, exclusive of interest and costs, the sum of Three Thousand Dollars ($3,000)."

The cause went to trial in the District Court before the court without a jury, and the court made findings of fact and stated its conclusions of law thereon. The court found that on June 24, 1939, and continuously thereafter the plaintiff was totally and permanently disabled so as to render it impossible for him to follow a gainful occupation; · that the plaintiff was at the time of trial totally and permanently disabled so as to render it impossible for him to follow a gainful occupation; that his disability is a heart condition that is reasonably certain to continue the remainder of his lifetime; that the disability existed continuously for more than ninety days prior to the commencement of this action; that on April 22, 1940, the plaintiff furnished to the defendant proof of his disability and asked for disability benefits; and that the defendant denied any liability to the plaintiff under the policy and advised the plain-

tiff that to continue his policy in force, it was necessary that he pay the premiums as they became due.

The court entered its conclusions of law that the plaintiff was entitled to recover from the defendant $604.07, premiums paid by him to the defendant after the plaintiff furnished to the defendant proof of total and permanent disability; that he was entitled to judgment adjudging the defendant company to waive payment of future premiums that may become due on the policy during the total and permanent disability of the plaintiff; that the plaintiff was entitled to recover from the defendant $1,350, the amount that was due at the commencement of this action on June 6, 1941, with interest at six per cent per annum from that date; and that the plaintiff was entitled to the further sum of $650, which is the amount that had accrued to the plaintiff from the date of the commencement of this action to the date of the judgment, with six per cent interest; that the plaintiff was entitled to the further sum of one hundred dollars per month during the period of his total and permanent disability; that the defendant may require proof of the continuance of the total and permanent disability of the plaintiff; and that plaintiff shall, at the request of defendant, submit to a medical examination, which shall not be required by the defendant more often than once a year. The court retained jurisdiction of the action to the end that the judgment may be modified by the court if on competent evidence it is found by the court on motion of the defendant that the plaintiff's disability has ceased. Judgment was entered accordingly, and from this judgment the defendant appeals.

At the trial of this cause, there was some conflict as to whether or not the plaintiff was totally and permanently disabled, but the trial court resolved that conflict in favor of the plaintiff, and no question is raised here on that finding of the court. The defendant therefore does not deny its liability for disability payments from April 22, 1940, the date proof of disability was served upon it, up to and including the date upon which this action was commenced; nor does it deny the right of plaintiff to a waiver of premiums during said period, and the plaintiff's right to recover any such premiums paid.

The defendant challenges the right of the District Court to enter any judgment for

payments beyond the date of the commencement of the suit, and as to its future liability under the policy; and the right of the court to maintain jurisdiction for the enforcement or modification of its judgment as the circumstances might require.

Although the defendant removed this cause from the Circuit Court of Dane County, Wisconsin, it now challenges the jurisdiction of this court on the ground that the amount involved is less than the jurisdictional amount of three thousand dollars.

If the plaintiff was correct in his theory that he was entitled to recover the disability payments from the time his disability started, June 24, 1939, to the date of judgment, together with premiums he had paid, and to have future payments waived and to recover disability payments at the rate of one hundred dollars per month as long as he should live, then obviously he had put in issue an amount in excess of three thousand dollars.

 This is a removal case, and its status as to jurisdiction is determined at the very threshold by a consideration of the plaintiff's complaint. Jurisdiction is determined here without the aid of answer, hearings, findings and conclusions of law. We think the plaintiff in the case at bar tendered by his complaint in good faith and with some claim of legal right an issue within the jurisdictional amount. It is the amount or value of the thing put in issue which measures the jurisdiction, rather than the amount thereafter recovered. St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Alderman v. Elgin, etc., Ry. Co., 7 Cir., 125 F.2d 971. In our opinion, the case is not subject to remand.

Having decided that the complaint in good faith and with some show of legal right has tendered an issue within the jurisdictional requirements, and that the case is not subject to remand, we pass to a consideration of what the plaintiff was entitled to recover by his complaint as revealed by the entire record. The complaint alleged a simple breach of the contract contained in the policy to pay disability benefits. The defendant did not renounce or repudiate the contract. The trial court did not make any finding that the defendant had done so. The defendant did not deny its liability under the policy in any event. It denied liability because it believed there was no disability. An issue upon the question of disability was formed on the trial, and the court found against the defendant. No question is raised here as to the action of the court in resolving this conflict against the defendant. However, this finding did not convict the defendant of abandonment or repudiation of the contract. It did convict it of a simple breach of the contract.

In such a state of the record, what were the limits of the plaintiff's recovery? Was he confined to the benefits in default at the commencement of the suit, as contended for by the defendant, or was he entitled to an adjudication as to his future rights under the contract?

 Since this case arose in Wisconsin, we would be bound by the law of Wisconsin if we were advised of any determination of the question by the Wisconsin courts. No authority from Wisconsin has been cited to us, and we know of none. We look then to the Supreme Court for a solution of the question.

In the case of New York Life Insurance Company v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971, the Supreme Court had before it the extent of the recovery for disability where the insurance company had denied liability because it denied there was any disability, just as in the case at bar. The Supreme Court said at page 678 of 297 U.S., at page 617 of 56 S.Ct., 80 L.Ed. 971: "For breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the commencement of the suit."

 In the case at bar there were no allegations in the complaint or findings of fact by the court that there was an abandonment or repudiation of the contract. All that is alleged and found is a breach of the contract. The measure of damages for the breach in such a case is the benefits in default at the commencement of the suit, plus any premiums paid in that period, with interest thereon.

 It has been vaguely suggested that a court of equity should step in and exercise its extraordinary powers to compel specific performance for the breach of this contract. There has been no allegation or proof that the defendant denied liability or will deny liability in the future if the disability which has been established in this case continues. There is therefore no threat of a multiplicity of suits. All we have is a simple breach of the contract,

898

and because of this breach it is suggested that the extraordinary powers of equity should be invoked to enforce a specific performance of the contract. There is no showing that the remedy at law is inadequate. In the absence of such a showing, a court of equity will not exercise its extraordinary powers, such as specific performance. Pomeroy's Equity Jurisprudence, 4th Ed., Section 1341.

The judgment is therefore reversed, and remanded to the District Court with instructions to restate its conclusions of law in accordance with this opinion. Each party will pay his own costs.