## SETH RHODES CO., Inc., v. SOUTHWEST TEXTILES, Inc., et al.

### No. 4710.

District Court, W. D. Missouri, W. D.

June 4, 1947.

Cowgill & Popham and Sam Mandell, all of Kansas City, Mo., for plaintiff.

Joseph Koralchik, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The only ground for the dismissal of this action is that the amount in controversy is not within the jurisdiction of this court. The basis of this claim is that in the prayer of the complaint, among other things, the complainant asks for "judgment against the defendants in the sum of Two Thousand Dollars ($2,000) and for its costs."

The action seeks the cancellation of a purchase contract entered into between the parties on October 9, 1946, the consideration whereof was $21,000. It is alleged that there was a mutual mistake of fact appertaining to the price of certain material involved in said purchase contract and because of such mistake of fact the plaintiff asks that the contract be canceled and set aside and that it be permitted to recover the amount paid on account of such purchase contract in the sum of $2,000.

 1. It is obvious that the claim for a money decree is only a part of the remedy sought by the plaintiff. In the first instance it seeks to have a contract under which it obligated itself to pay $21,000 canceled and set aside, and that it recover from the defendants the sum of $2,000 advanced on said contract. It is the rule that on a question of this kind the status of the case is that jurisdiction must be determined at the very threshold by consideration of the plaintiff's complaint. Trainor v. Mutual Life Ins. Co., 7 Cir., 131 F.2d 895. And, before dismissal, it must appear "to a legal certainty that the claim is really for less than the jurisdictional amount * * *." St. Paul Indemnity Co. v. Cab Co., 303 U. S. 283, loc. cit. 289, 58 S.Ct. 586, 590, 82 L.Ed. 845.

2. Upon the foregoing authorities and others this court had jurisdiction for the reason that the value to the plaintiff is the annulment of a contract involving a promise to pay $21,000.

If, upon the issues tendered by the plaintiff, the contract should be canceled then it would follow that he would be entitled, as a part of the relief prayed, to have returned to him the $2,000 paid on his contract. The motion to dismiss on the grounds stated should be overruled and it will be so ordered.