Millard D. GRUBBS et al., Petitioners-Appellants,

v.

Judge J. Miles POUND, Jefferson Circuit Court, Respondent-Appellee.

No. 17075.

United States Court of Appeals Sixth Circuit.

March 23, 1967.

Conrad Allen, in pro. per.

Edwin L. Miller, U. S. Atty., San Diego, Cal., Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., Robert L. Brosio, Asst. U. S. Atty., Asst. Chief Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

William J. Dammarell, Cincinnati, Ohio, for appellants.

Ben Rosenbaum, III, Louisville, Ky., for appellee, J. Miles Pound, Judge, Jefferson District Court, Louisville, Ky., pro se, on brief, Edwin A. Schroering, Jr., Commonwealth's Atty., Louisville, Ky., of counsel.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

Appellant Grubbs, acting in concert with others, brought about a citizens' arrest of an official of the Urban Renewal and Community Development Agency of Louisville, Kentucky. The official so arrested was charged with swearing falsely in a condemnation suit filed in connection with a project of the Urban Renewal and Community Development Agency. Thereafter appellant and others were indicted for false arrest and imprisonment in violation of KRS 435.150.

Before the case came to trial in the State court, a petition was filed for its removal to the United States District Court as a civil rights case under 28 U.S.C. § 1443. District Judge Henry L. Brooks held that the case was improvidently removed to federal court and that it is not a proper case for removal under the aforesaid statute. He entered an order remanding the case to the Circuit Court of Jefferson County, Kentucky.

Thereafter appellant was tried in the State court. The jury returned a verdict of guilty and fixed his sentence at imprisonment for a term of five years. In the meantime appellant filed a notice of appeal to this court from the district court's order of remand.

After he had been tried and convicted in the State court, and while his motion for a new trial was pending in that court, appellant filed in this court an application for an injunction and temporary restraining order restraining further proceedings in the Jefferson County Circuit Court. After hearing oral arguments on this application, this court entered an order denying injunctive relief. The order of this court was as follows:

"This cause came on to be heard on the application of the appellant, Millard D. Grubbs, for an injunction restraining further proceedings in the Jefferson Circuit Court, Criminal Branch, Second Division, in the case in which the Commonwealth of Kentucky is plaintiff and the appellant, Millard D. Grubbs, and others are defendants, and was submitted to the Court upon oral arguments of counsel for the appellant and the appellee and the brief of the appellant. In the course of the argument of the case by the Commonwealth Attorney who represented the appellee in this appeal, he stated to the Court that the said criminal case is pending before the Criminal Court on a motion for a new trial which has not yet been heard, and that no sentence has been imposed; that the Criminal Court has jurisdiction to set aside the judgment of conviction and has further jurisdiction to place the appellant Grubbs on probation; that in the event the motion for a new trial is denied and the appellant is sentenced he will have a right of appeal to the Court of Appeals of Kentucky; that it is the practice in said Criminal Court to allow appellants in criminal cases to remain on bond pending appeal; that appellant's bond has been fixed in the amount of $10,000 in said criminal case, and that the Commonwealth Attorney would not oppose a continuance of said bond pending appeal to the Kentucky Court of Appeals from the

judgment of conviction rendered in the Criminal Court.

"It therefore appearing that no material change of the status quo is threatened prior to the time when this Court will have an opportunity to hear and dispose of the present appeal, the motion for injunctive relief and stay is hereby denied, without prejudice to renewal under appropriate circumstances."

This court now has heard oral arguments on the appeal from the order of the district court remanding the case to the State trial court.

The petition for removal under 28 U.S.C. § 1443 charges: that appellant was unable to obtain a fair and impartial trial in the State court; that he was being denied his civil and constitutional rights under the Sixth and Fourteenth Amendments to the Constitution of the United States; and that the indictment against petitioner and the prosecution thereunder in the State court was the result of prejudice against appellant. Further he alleged a false, unlawful, wrongful conspiracy and collusive agreement between the State judges and other public officials to destroy petitioner "under the prejudice and bitterness of a pre-existing conspiracy."

It was conceded during the oral arguments before this court that appellant did not file any application in the State court for change of venue.

■ 28 U.S.C. § 1443 provides that a civil action or criminal prosecution commenced in a State court may be removed by the defendant to a United States District Court by any person "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States * * *." We hold that this statute confers no right of removal under the averments of the petition for removal filed by appellant in the present case. State of Georgia v. Rachel, 384

U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925; City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

■ A criminal proceeding in a State court cannot be removed to a federal court "unless warrant therefor be found in some act of Congress." Com. of Kentucky v. Powers, 201 U.S. 1, 24, 26 S.Ct. 387, 393, 50 L.Ed. 633.

As said by this court in Hull v. Jackson County Circuit Court, 138 F.2d 820, 821:

"The removal of a criminal prosecution or a civil cause under the statute in question because of the denial of a civil right or the enforcement of such a right must arise out of the destruction of such right by the constitution or statutory laws of the state wherein the action is pending. The statute does not justify federal interference where a party is deprived of any civil right by reason of discrimination or illegal acts of individuals or judicial or administrative officers. If the alleged wrongs are committed by officers or individuals the remedy is the prosecution of the case to the highest court of the state and then to the Supreme Court of the United States as the laws of the United States authorize."

In the present case appellant has been indicted for false arrest under a Kentucky statute. He has been tried by a jury and found guilty. The jury has fixed his punishment. He is now free on bail and this court has been assured by counsel for the Commonwealth of Kentucky that he will be permitted to remain free on bail pending review of his conviction by the Court of Appeals of Kentucky and pending an opportunity for review by the Supreme Court of the United States. Appellant thus has available to him an opportunity for full appellate review of his claims of deprivation of constitutional rights.

We hold that the district court was correct in remanding this case to the State trial court.

Affirmed.