CITY OF EVANSTON, a Municipal Corporation, Plaintiff-Appellee,

v.

Lee BUICK, Jr., et al., Defendants-Appellants.

No. 17905.

United States Court of Appeals
Seventh Circuit.

Jan. 22, 1970.

---

Gilbert A. Cornfield, Gilbert Feldman, Chicago, Ill., for defendants-appellants, Kleiman, Cornfield & Feldman, Chicago, Ill., of counsel.

James B. Soble, Chicago, Ill., Jack M. Siegel, Corp. Counsel, Evanston, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KILEY, Circuit Judge.

The City of Evanston sued in the Circuit Court of Cook County, Illinois, to enjoin defendants, employees of Evanston's Department of Streets and Refuse, from striking. Immediately after the circuit court granted a temporary injunction, defendants petitioned the district court for removal. 28 U.S.C. §§ 1441, 1446. The district court on Evanston's motion, remanded the cause to the state court. Defendants have appealed. We affirm.

Evanston's complaint is based upon Illinois law, Board of Education v. Redding, 32 Ill.2d 567, 207 N.E.2d 427 (1965), ruling that strikes by public employees are prohibited. The complaint states no federal question. In their removal petition, however, defendants stated they are denied and cannot enforce, *inter alia*, their Thirteenth Amendment right to be free of involuntary servitude by virtue of the Illinois law.[1]

This court in Trainor v. Mutual Life Ins. Co., 131 F.2d 895, 897 (1942), held that removal is determined by the complaint "without the aid of answer, hearings, findings and conclusions of law." The Third Circuit more recently held that unless the complaint stated a cause of which the federal court had original jurisdiction, removal was invalid. American Dredging Co. v. Local 25, Int. Union of Oper. Eng., 338 F.2d 837 (1964), *cert. denied*, 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965).

It is true that the district court does not have jurisdiction to grant the relief prayed for in Evanston's complaint. However, it does have jurisdiction to deny that relief on the ground of the denial of civil rights urged by defendant's petition if sufficiently alleged. 28 U.S.C. § 1443(1). The court could decide the merits of the controversy raised by the federal question defense and avoid the bar of the decision in *American Dredging*.

The *Trainor* decision was in a diversity case, and the language of the court, quoted above, was with respect to determining whether the jurisdictional amount had been stated. That decision did not involve a petition in "civil rights cases" under Section 1443, and does not control our decision here. Instead of deciding that defendants must present the federal question in the Circuit Court of Cook County to ripen the cause for

1. This allegation apparently is the reason for not challenging appealability. See 28 U.S.C. § 1441(b).

removal, we shall treat the Petition for Removal "in the same manner as a complaint" filed in the district court. *Rachel v. Georgia,* 5 Cir., 342 F.2d 336, 340 (1965).

On review, the Supreme Court in *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), construed Section 1443 [2] as requiring a showing of two elements: that "the right * * * is a right under any law providing for * * * equal civil rights," and that petitioner is "denied or cannot enforce" that right in the state courts. *Id.* at 788, 86 S.Ct. 1783. The Court also said that the first element "must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 792, 86 S.Ct. at 1790.

Defendants' Petition for Removal asserts that the Evanston complaint alleges that defendants illegally demanded negotiations on wages, hours and working conditions, and seeks to compel defendants to work; and that by virtue of the allegations defendants' First Amendment right to free association, Fifth Amendment right to due process, Thirteenth Amendment right to be free from involuntary servitude, and Fourteenth Amendment right to equal protection, are "being violated." [3]

 We hold that the Petition for Removal does not allege violation of a right under "any law providing for * * * equal civil rights stated in terms of racial equality," *Georgia v. Rachel, supra* at 792, 86 S.Ct. 1783, 1790, and that the district court therefore was not in error in remanding the cause. The pertinent allegations made are of violations of general constitutional amendments. The Supreme Court has held that First Amendment rights are not among those

included under "equal civil rights." *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 825, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). And there is no allegation that defendants have been denied specific rights accorded others similarly situated in the State of Illinois so as to invoke the Fourteenth Amendment. The "broad contentions" based on the Thirteenth Amendment claim cannot support a valid claim for removal under Section 1443 because they are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality * * *." *Georgia v. Rachel, supra* at 792, 86 S.Ct. at 1790.

Since defendants have not shown the first element of Section 1443, we need not consider the second element mentioned above.

The order of remand is affirmed.

2. This Section provides in part:
 Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
 (1) Against any person who is denied or cannot enforce in the courts of such

State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
 *  *  *  *  *

3. We deem it unnecesary to discuss the Tenth Amendment claim, *i. e.,* that Evanston's claim is based on powers reserved to Illinois.