**PENNSYLVANIA ex rel. Judith ROTHENBERG (Beers)**

v.

**Lewis S. BEERS, Defendant, Petitioner, Appellant.**

**No. 19363.**

United States Court of Appeals, Third Circuit.

Argued Oct. 8, 1971.

Decided Nov. 3, 1971.

Lewis S. Beers, pro se.

Stewart J. Greenleaf, Asst. Dist. Atty., Chief of Appeals Division, Norristown, (William T. Nicholas, Executive Asst. Dist. Atty., Parker H. Wilson, 1st Asst. Dist. Atty., Milton O. Moss, Dist. Atty., Norristown, Pa., on the brief), for appellee.

Before KALODNER, STALEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this appeal, we are asked to decide the proper scope of the federal civil rights removal statute, 28 U.S.C. § 1443.

The appellant, Lewis Beers, was charged in the Montgomery County Court of Common Pleas with desertion and nonsupport of his two minor children. The Montgomery County Court issued an order, in January, 1967, directing Mr. Beers to pay support. After an increase in support payments was recommended by the County Chief Desertion Officer, Mr. Beers petitioned the Montgomery County Court for a jury trial to determine the validity of his support payments. Mr. Beers' request was denied, and he petitioned the United States District Court for removal of his case under Section 1443(1). The District Court, without a hearing, remanded the case to the Montgomery County Court, and Mr. Beers appealed.

The relevant portion of Section 1443 reads:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. * * *"

Mr. Beers, in his attempt to meet the criteria specified for removal in Section 1443(1), asserts that in the state courts he is unable to enforce a number of Fourteenth Amendment's rights[1] and that he is being denied equal protection of the law in that only men are subject to support proceedings in the Commonwealth of Pennsylvania.

In addition to an allegation by the petitioner that he is unable to enforce a right in the state courts, the removal statute, by its terms, also requires that the right the petitioner asserts be one arising "under any law providing for the equal civil rights of citizens * * *" The Supreme Court, when interpreting this phrase, held:

"On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."

Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); see Greenwood v. Peacock, 384 U.S. 808, 824–830, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Because Mr. Beers' petition for removal does not, and could not, allege a denial of equal rights based on race, the District Court properly remanded the case to the state courts.[2] Accordingly, the judgment of the District Court will be affirmed.

1. Mr. Beers alleges that under the applicable Pennsylvania procedures he is denied the right to a jury trial, the right to counsel, and the right to be informed of the nature of the charges against him. In addition, he claims that the Pennsylvania statute he challenges, Tit. 18 Pa. Stat.Ann. § 4733, is vague and indefinite.

2. By holding removal improper in this case, we do not mean to imply that the potentially important federal rights asserted in Mr. Beers' petition may never be heard in a federal court. Rather we hold solely that removal under 28 U.S.C. § 1443(1) is not the proper vehicle for obtaining a federal forum. See Greenwood v. Peacock, 384 U.S. 808, 828–830, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).