STATE OF OHIO, Plaintiff-Appellee,

v.

Nathaniel A. DENMAN, Defendant-Appellant.

No. 71-1446.

United States Court of Appeals,
Sixth Circuit.

June 23, 1972.

John C. Veney, Wooster, Ohio, for plaintiff-appellee; Francis Cicconetti (Solicitor of the City of Wooster, Ohio), Wooster, Ohio, Special Counsel for plaintiff-appellee, on brief.

Nathanial A. Denman in pro. per.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM:

Denman appeals from an order of the District Court remanding this action to the Municipal Court of the City of Wooster, Ohio, after an attempt to transfer the case to the District Court under 28 U.S.C. § 1443. Such an order is appealable. 28 U.S.C. § 1446(d).

A prosecution for non-support of his minor children in violation of § 3113.01, Ohio Revised Code, was initiated in Municipal Court against Denman by his former wife. Denman undertook removal to the federal court on the ground that his civil rights are being violated by the Municipal Court. In remanding the case Chief Judge Frank J. Battisti correctly held that § 1443(1) has no application, no "equal civil rights" of Denman having been violated.

It is well settled that § 1443 is a statute of very limited application. Only when State laws violate "equal civil rights" based on racial grounds is § 1443(1) applicable. Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L. Ed.2d 925. Broad general allegations of deprivation of civil rights are not sufficient to permit removal. Greenwood v. Peacock, 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944. The action of the District Court in remanding this case to the Ohio Municipal Court is supported by the well-settled law of this Circuit. City of Cleveland v. Corley, 398 F.2d 41 (6th Cir.); Grubbs v. Pound, 374 F.2d 448 (6th Cir.); Townsend v. State of Ohio, 366 F.2d 33 (6th Cir.); Hull v. Jackson County Circuit Court, 138 F. 2d 820 (6th Cir.).

Affirmed.