**Bonnye Lillian PATTERSON, Petitioner,**

v.

**L. David PATTERSON, Respondent.**

**Civ. A. No. 74–M–474.**

United States District Court, D. Colorado.

Aug. 19, 1974.

John Anderson, Canon City, Colo., for petitioner.

Maurice R. Franks, Silver Cliff, Colo., for respondent.

### MEMORANDUM OPINION AND ORDER OF REMAND

MATSCH, District Judge.

L. David Patterson is the respondent in a proceeding initiated by his wife in the District Court in and for the County of Fremont, State of Colorado for the dissolution of his marriage under the applicable Colorado statute providing for such an action upon the basis of a showing that a marriage is irretrievably broken. He removed that litigation to this Court under 28 U.S.C. § 1443 alleging that he is denied and cannot enforce in the courts of the State of Colorado his equal civil rights as a citizen of the United States because the Colorado statute and the common law of Colorado prefer females in the division of property, award of temporary maintenance, permanent maintenance, child support, custody and attorney's fees in such cases, thereby depriving males of the equal protection of the laws and equal civil rights.

Following removal Mr. Patterson moved to vacate a temporary restraining order which denied him access to his children and to the family home and which had been issued *ex parte* even though the Court had been informed that he was represented by counsel who wished to be heard before such an order entered. Relief from that order was obtained by agreement of the parties obviating any necessity for this Court to make a decision.

On July 10, 1974, this Court on its own motion issued an order to show cause why this case should not be remanded as being beyond the scope of removal under 28 U.S.C. § 1443 as restrictively interpreted in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L. Ed.2d 925 (1966); Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L. Ed.2d 944 (1966); Ohio v. Denman, 462 F.2d 1292 (6th Cir. 1972), and Pennsylvania ex rel. Rothenberg v. Beers, 450 F.2d 783 (3rd Cir. 1971).

Counsel for Mr. Patterson has eloquently opposed remand in his brief, and he has urged an opportunity to present evidence to support the contention that males are unable to obtain equal rights with females in dissolution of marriage proceedings in the courts of Colorado. There is an offer of proof of a statistical disparity in the award of custody in all such cases during 1972 to create a presumption of sexual discrimination, and a request for admissions of a number of facts tending to support discriminatory treatment of men which has not been answered in this case. Additionally counsel for Mr. Patterson cites several Colorado cases in which a discriminatory attitude is reflected. These cases, however, are interpretations of Colorado law before the enactment of the statute under which the present proceeding was brought.

If this Court retains jurisdiction in this matter, consideration must be given to the motion to dismiss the dissolution of marriage proceeding filed herein. That motion raises a venue question and it also contends that the Colorado statute violates the due process clause of the Fourteenth Amendment as being vague and uncertain, and it is also argued that it is a law which impairs the obligation of contracts contrary to the prohibition in Article I, Sec. 10 of the United States Constitution.

Because I am compelled to conclude that 28 U.S.C. § 1443 does not permit removal of this dissolution of marriage proceeding, these substantive questions will not be considered at this time.

The authorities cited above restrict the application of this removal statute to cases of unequal enforcement or denial of civil rights on the basis of race. That result is mandated by an historical interpretation of this statute, even though the legislative language is not so restrictive.

It is urged that these cases were determined before the decision in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 656 (1973). While that opinion is suggestive of the development of sex as a suspect classification within the requirement of a close judicial scrutiny on the question of equal protection, it does not alter or affect the statutory standard for removal of actions from state courts.

Under the authorities cited, it is not only required that one removing an action under 28 U.S.C. § 1443 show that he has a right under a law providing for equal civil rights, it must also appear that he is denied or he cannot enforce that right in the state courts. Before removal can be approved in the present case, this Court must find that the District Court in Fremont County will discriminate against Mr. Patterson because he is male. That I am not prepared to do. While the issuance of the *ex parte* temporary restraining order here seems inappropriate to the circumstances, and while the statistical offering is disturbing, there is no adequate basis for assuming that the Court in Fremont County will be insensitive to the developments of the law reflected in such cases as *Frontiero* and to the changing economic and social conditions involving the marital relationship.

A remand of this case at this time on a purely procedural basis without a determination of the substantial questions presented by the motion to dismiss will not preclude the possibility of a later look at these questions in a federal court in a different jurisdictional mode.

Upon the foregoing it is

Ordered that this proceeding is remanded to the District Court in and for Fremont County, Colorado.