**Nancy SANCHEZ, Plaintiff,**

v.

**Angelo SANCHEZ, Defendant.**

**No. 76 Civ. 5821 (MP).**

United States District Court,
S. D. New York.

Jan. 4, 1977.

Nancy Sanchez, pro se.

Angelo Sanchez, pro se.

POLLACK, District Judge.

Petitioner, proceeding pro se, has removed to this Court a divorce action commenced by his wife in Supreme Court, Richmond County. For the reasons appearing hereafter, the case is remanded to state court pursuant to 28 U.S.C. § 1447(c).[1]

The state court complaint alleges that both parties are residents of New York and seeks a judgment of divorce on the alleged ground of cruel and inhuman treatment causing mental anguish. The complaint was mailed to petitioner's alleged New York attorney on May 10, 1976; an amended complaint, setting forth an incident that allegedly occurred subsequent to the date of the original complaint, was mailed to the same attorney on July 19, 1976.[2]

The removal petition purports to be based on 28 U.S.C. § 1443[3] and on 42 U.S.C. § 1983, 42 U.S.C. § 1994 (abolition of peonage), and the Thirteenth and Fourteenth Amendments to the United States Constitution. Petitioner's claim is apparently that the New York divorce laws violate his civil rights, although he does not state in what way those laws might be objectionable.

28 U.S.C. § 1443 does not furnish a basis for removal of the instant action. That statute authorizes removal of civil actions:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

1. The instant removal petition also contains a request that a three-judge court be convened to enjoin the state divorce court judge from violating petitioner's rights. A removal petition is surely not the appropriate means to raise such a claim.

2. The instant removal petition may be defective because untimely. 28 U.S.C. § 1446(b) provides: "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter." The removal petition was filed in this Court on December 29, 1976; it does not state when petitioner received a copy of the state court complaint or when a summons was served.

3. The general removal statute, 28 U.S.C. § 1441, provides no basis for removal herein as there is no ground for original federal District Court jurisdiction over the state court action. There is no diversity of citizenship, and the divorce case can in no way be said to arise under the laws of the United States.

28 U.S.C. § 1443(2) is inapplicable to this case. "[T]he history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1966). Petitioner is not within the class to which § 1443(2) is available.

28 U.S.C. § 1443(1) likewise affords petitioner no support. "[A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975).

The instant petition fails to satisfy either prong of the *Johnson* test. Neither 42 U.S.C. § 1983, nor 42 U.S.C. § 1994, nor the Thirteenth Amendment, is phrased in the specific language of racial equality that § 1443(1) demands. *See City of Evanston v. Buick*, 421 F.2d 595, 597 (7th Cir. 1970); *Denson v. Williams*, 341 F.Supp. 180 (S.D. Tex.1972). *See also Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) (due process clause cannot support claim for removal under § 1443(1)).

Moreover, the Second Circuit has stated that "not every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race." *Chestnut v. New York*, 370 F.2d 1, 3–4 (2d Cir. 1966), *cert. denied*, 386 U.S. 1009, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1967), *quoting Peacock v. City of Greenwood*, 347 F.2d 679, 682 (5th Cir. 1965),

*reversed on other grounds*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Since the petition makes no assertion that the New York divorce laws discriminate in terms of race, petitioner's claim of violation of the equal protection clause does not qualify the case for removal. *See Chestnut* at 4.

 Finally, the petition is devoid of any statement of facts which indicates that petitioner's complaints could not be completely vindicated in state court.[4] There is no right of removal in the absence of such a showing. *Maurietta v. Arizona*, 395 F.2d 210 (9th Cir. 1968).

Accordingly, this case is remanded to the Supreme Court of New York, Richmond County.

SO ORDERED.

---

4. The instant petition is utterly devoid of any statement of the facts petitioner believes entitle him to removal. Such a statement is required by 28 U.S.C. § 1446(a), and petitioner's failure to comply with that requirement is an adequate independent ground for remand of this case to state court. *See, e. g., Maryland v. Soper*, 270 U.S. 9, 35, 46 S.Ct. 185, 70 L.Ed. 449 (1926).