936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Grant MATTHEWS, also known as Leslie A. Johnson, Petitioner-Appellee,
v.
Laura L. PHELPS, Respondent-Appellant.
 Nos. 90-1368, 90-1369.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1991.
 
 Before McKAY, LOGAN and SEYMOUR, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a), 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Our No. 90-1368 is an appeal from an order of the United States District Court for the District of Colorado remanding a removed action to the state district court for Chaffee County, Colorado; No. 90-1369 is an appeal from an order denying reconsideration of the remand order. We consider these appeals together.
 
 
 4
 A civil action brought in state court may be removed to a federal district court if the federal court would have had original jurisdiction to entertain the action. See 28 U.S.C. Sec. 1441(a). Here, the underlying action is one for the dissolution of a common law marriage. It is well established that federal courts lack jurisdiction to grant a divorce or annulment, determine support payments, or award custody of children. See Vaughan v. Smithson, 883 F.2d 63, 64 (10th Cir.1989) (per curiam); see also In re Burrus, 136 U.S. 586, 593-94 (1890) ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"); Barber v. Barber, 62 U.S. (21 How.) 582, 584 (1858) ("[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony").
 
 
 5
 Ms. Phelps attempts to invoke the district court's jurisdiction by claiming she is being denied her civil rights in the dissolution proceeding. 28 U.S.C. Sec. 1443 (1988). However, section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights. United States ex rel. Sullivan v. State, 588 F.2d 579, 580 (8th Cir.1978) (per curiam) (citing Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Section 1443(2) is wholly inapplicable to the instant case and is therefore not a basis for removal to federal court. As explained in a similar attempt to remove a divorce proceeding:
 
 
 6
 28 U.S.C. Sec. 1443(2) is inapplicable to this case. "[T]he history of Sec. 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties." City of Greenwood v. Peacock, 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1966). Petitioner is not within the class to which Sec. 1443(2) is available.
 
 
 7
 Sanchez v. Sanchez, 424 F.Supp. 451, 453 (S.D.N.Y.1977).
 
 
 8
 Similarly, Phelps cannot satisfy the test to remove a state court action under 28 U.S.C. Sec. 1443(1):
 
 
 9
 "[A] removal petition under 28 U.S.C. Sec. 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' ... Second, it must appear, in accordance with the provisions of Sec. 1443(1), that the removal petitioner is 'denied' or cannot enforce' the specified federal rights 'in the courts of [the] State.' " Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.ED.2d 121 (1975).
 
 
 10
 Id.; see also Osborne v. Osborne, 554 F.Supp. 566, 568 (D.Md.1982), dismissed, 707 F.2d 508 (4th Cir.1983).
 
 
 11
 Phelps has failed to satisfy the first element of this test as none of her claims arise from a federal law providing for specific civil rights stated in terms of racial equality. See Patterson v. Patterson, 381 F.Supp. 1029, 1030 (D.Colo.1974) (section 1443 does not permit removal of dissolution of marriage proceeding where no denial of civil rights on basis of race is involved). Because Phelps' section 1443 claims are wholly without merit, there is no basis for exercising federal jurisdiction in the instant case.
 
 
 12
 This action is remanded to the district court with directions to modify its judgment to reflect a dismissal for lack of subject matter jurisdiction. The mandates shall issue forthwith. All outstanding motions are denied.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3