NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0121n.06

Case No. 24-3802

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Mar 03, 2025

KELLY L. STEPHENS, Clerk

| | |
|---|---|
| GRANDE VOITURE D'OHIO LA SOCIETE DES 40 HOMMES ET 8 CHEVAUX, | ) ) ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) ) |
| CHARLES J. SIMPSON, | ) ) |
| Defendant-Appellant. | ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

O P I N I O N

Before: GRIFFIN, NALBANDIAN, and MATHIS, Circuit Judges

**NALBANDIAN, Circuit Judge**. Charles Simpson was sued in state court and tried to remove the case to federal court. The district court remanded it. We affirm.

The plaintiff in this case (Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux) is an Ohio veterans' organization with a messy history of litigation against Simpson, who was expelled from its membership. *See Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cnty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, No. 23-3883, 2024 WL 4719185, at \*1 (6th Cir. July 3, 2024) (order). In the latest episode, Grande Voiture sued Simpson in Ohio state court to collect on a $108,012.50 judgment he owed from a previous suit.

Simpson then removed the case to federal district court, even though the complaint did not meet the requirements for federal-question jurisdiction or diversity jurisdiction. The district court remanded it to state court, and Simpson appealed.

Normally, we cannot review a district court's remand order. The federal removal statute provides that remand orders are "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). That covers your run-of-the-mill federal-question and diversity cases. But the statute makes an exception for cases removed under 28 U.S.C. § 1443, which permits removal for a narrow slice of civil-rights equality cases. *Id.* Simpson removed this case under that provision, so we can review the district court's remand order.

Section 1443, though, "is a statute of very limited application." *Ohio v. Denman*, 462 F.2d 1292, 1292 (6th Cir. 1972) (per curiam). It permits removal only when a law "violate[s] 'equal civil rights' based on racial grounds." *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). This is a judgment-collection case, not a case implicating racial equality in civil rights. Simpson makes no allegations of racial discrimination, and he gestures only vaguely toward violations of due process and his "civil rights and privileges" (without further detail).[1] Appellant Br. at 17. "Broad general allegations of deprivation of civil rights are not sufficient to permit removal" under § 1443. *Denman*, 462 F.2d at 1292. Simpson thus cannot avail himself of this provision, and we affirm the district court's remand order.

---

[1] This isn't the first time Simpson has tried this trick. *See Grande Voiture*, 2024 WL 4719185, at *1–2 (noting that his previous removal of a related case using § 1443 did "not plausibly demonstrate that the case involve[d] racial discrimination."). It ought to be his last, though.